IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VERSACE POOH LAGRECA**                                         **PLAINTIFF**
**ADC #103829**

v.                              No: 2:25-cv-00192-JM-PSH

**BRANDON A. DAVIS; and**
**MICHAEL MELLOW**                                               **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Versace Pooh LaGreca (aka Kenneth Waller),[1] an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, filed a *pro se*

---

[1] LaGreca's ADC number is the same as Kenneth Waller's, and the ADC website lists him under both names. *See* https://apps.ark.org/inmate_info/search.php. LaGreca

complaint pursuant to 42 U.S.C. § 1983 on September 26, 2025 (Doc. No. 2), along with an application for leave to proceed *in forma pauperis* ("IFP") (Doc. No. 1).

LaGreca is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by LaGreca (under the name Kenneth Waller) were dismissed for failure to state a claim before he filed this lawsuit: *Waller v. Maples, et al,* 1:11-cv-00053 (E.D. Ark); *Waller v. Payne, et al.,* 4:19-cv-00903-JM (E.D. Ark.); and *Waller v. Felts, et al.,* 5:19-cv-00181-KGB (E.D. Ark.).  The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).  The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an

---

also refers to himself as Inmate Waller in the body of his complaint and in his attached grievances.  *See* Doc. No. 2 at 6, 12, 16, 20 & 23.

"ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

LaGreca alleges that he filed grievances naming defendant Michael Mellow on May 28, 2025, and June 27, 2025, and in retaliation for those grievances, Warden Brandon Davis issued him a false disciplinary on July 22, 2025. Doc. No. 2 at 5-9. He claims he suffered a reduction in class, loss of good time credits, and forfeited all privileges for 45 days as a result of his disciplinary conviction. *Id.* LaGreca makes no allegation that he faces any genuine risk of ongoing serious physical injury. His allegations must support such a conclusion for him to proceed *in forma pauperis*. *See Martin v. Shelton,* 319 F.3d at 1050 ("Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Because his allegations do not support that LaGreca is under imminent risk of serious physical injury, he may not proceed in this case unless he pays the $405 filing and administrative fees in full.

IT IS THEREFORE RECOMMENDED THAT:

1. LaGreca's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. LaGreca be given thirty days to reopen the case by paying the $405 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 6th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE